# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2587

_____

Lori D. Greiner; Mona Belle Wulff,      *
suing as Mona B. Wulff; Kimberly Jo     *
Salo; Joanne Elaine Hyatt, suing as     *
Joanne E. Hyatt; Shelly Marie Ott;      *
Robin Ann Barbeau,                      *
                                        *
    Plaintiffs - Appellants,            *
                                        *
    v.                                  *
                                        *
City of Champlin; Gene H. Kulander,     *   Appeals from the United States
Champlin Chief of Police; Allen Bruns,  *   District Court for the
Champlin Police Sgt.; Robert L.         *   District of Minnesota.
Penney, Champlin Police Officers;       *
Jolene Sander, Champlin Police          *
Officer,                                *
                                        *
    Defendants - Appellees.             *


_____

No. 97-2810

_____

Robert A. Hill; Robert Hill &           *
Associates, Ltd.;                       *
                                        *
    Appellants,                         *
                                        *
Lori D. Greiner; Mona Belle Wulff;      *

Kimberly Jo Salo; Joanne Elaine Hyatt; *
Shelly Marie Ott; Robin Ann Barbeau, *
                                        *
      Plaintiffs,                     *

      v.
                                        *
City of Champlin; Gene H. Kulander,     *
Champlin Chief of Police; Allen Bruns,  *
Champlin Police Sgt.; Robert L.         *
Penney, Champlin Police Officers;       *
Jolene Sander, Champlin Police          *
Officer,                                *
                                        *
      Defendants - Appellees.        *

_____

Submitted: April 17, 1998
Filed: August 10, 1998
_____

Before BEAM, JOHN R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

JOHN R. GIBSON, Circuit Judge.

The Greiner appellants[1] and their lawyer, Robert A. Hill, with his firm Robert
Hill & Associates, Ltd., appeal the district court's[2] entry of judgment against them on

_____

[1]Lori D. Greiner, Mona B. Wulff, Shelly M. Ott, Joanne E. Hyatt, Kimberly Jo
Salo, and Robin A. Barbeau.

[2]The Honorable Michael Davis, United States District Judge for the District of
Minnesota.

their Rule 60(b), Fed. R. Civ. P., action to reopen their case. They also appeal the district court's award of sanctions against them. We held earlier that the appellees in this case were entitled to qualified immunity on the Greiner appellants' claims in the underlying civil rights case, Greiner v. City of Champlin, 27 F.3d 1346 (8th Cir. 1994), with the exception of appellant Shelly Ott's Minnesota Human Rights Act claim in connection with an act of Officer Allen Bruns. That claim was tried to a jury, and Ott lost. The Greiner appellants then brought this action to reopen their case on the ground of fraud on the court, alleging that the appellees wrongfully withheld a psychological report on an appellee other than Bruns. The district court entered judgment against the appellants because the report was not relevant to the qualified immunity issue on which they lost their case. The court also entered sanctions against Attorney Hill for violating a protective order concerning the psychological report and for his role in contacting a defendant who was represented by counsel. The Greiner appellants and their attorney appeal. They contend that they have made a showing of fraud on the court, even if the report the appellees allegedly withheld would not have changed the outcome of their underlying case, and they contend that the court did not follow the procedures prescribed in Rule 11, Fed. R. Civ. P., in awarding sanctions against them. We affirm both orders.

**I.**

The appellants denominate this action as one brought under Rule 60(b), although it actually appears to be an equitable action for fraud on the court. See Hazel Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). The district court had earlier denied Rule 60(b) relief because the appellants failed to bring their motion within the one-year time period for Rule 60(b)(3) motions. The appellants therefore bring this independent action in reliance on the savings clause in Rule 60(b), which states that Rule 60(b) does not preempt a court's power to entertain an action for fraud on the court. The district court held that the report which was allegedly withheld was irrelevant to the theories on which the case against the officer in question was decided.

As to the <u>Monell</u>[3] claims against the City defendants, the court held that the report was cumulative, since the appellants had independent knowledge of a previous allegation of excessive force by the officer, which was discussed in the report.  The appellants argue that a party's failure to disclose evidence requested during discovery supports their claim of fraud on the court, even if disclosure would not have changed the outcome of the case, citing <u>Schultz v. Butcher</u>, 24 F.3d 626 (4th Cir. 1994).

The "fraud on the court" standard is distinct from the more general fraud standard of Rule 60(b)(3).  <u>See</u> 11 Charles A. Wright, et al., Federal Practice and Procedure, § 2870 at p. 415 (2d ed. 1995).  "A finding of fraud on the court is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel . . . ."  <u>Landscape Properties, Inc. v. Vogel</u>, 46 F.3d 1416, 1422 (8th Cir.), <u>cert. denied</u>, 516 U.S. 823 (1995) (quotations omitted).  Appellants have clearly not met this standard.  However, much of the appellants' brief is devoted to showing that they are entitled to relief under the standards relevant in Rule 60(b)(3) motions.  Without sorting through the nuances of different types of fraud, it is enough to say that appellants would not be entitled to relief even under the Rule 60(b)(3) cases they rely on.  To prevail under Rule 60(b)(3), the movant must show by clear and convincing evidence that his opponent engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting his case.  <u>See  Atkinson v. Prudential Property Co.</u> 43 F.3d 367, 372-73 (8th Cir. 1994).  Here, the psychological report in issue was primarily character evidence, which would not be  admissible under Fed. R. Evid. 404 to prove that the officer acted in conformity with that character on the night in question.  The Greiner appellants argue that the report also contained evidence of prior bad acts that could have been relevant under Rule 404(b).  Those bad acts were not only known to appellants, but were the subject of testimony in the Ott trial.  To the extent the psychological report was even arguably relevant, it was cumulative.  The <u>Schultz</u> case on which the appellants rely is

---

[3]<u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978).

distinguishable on numerous grounds, but the most obvious is that in <u>Schultz</u> the withheld evidence was highly relevant to and probative on the theory on which the case was decided. 24 F.3d at 630.  Here, as in <u>Atkinson</u>, the evidence that was allegedly withheld could not have helped the movant if it had been available at the time of trial. Therefore,  its absence did not deprive the movant of a fair trial.  <u>See</u> <u>Atkinson</u>, 43 F.3d at 373; <u>Watkins v. Schriver</u>, 52 F.3d 769, 772 (8th Cir. 1995).  The district court did not abuse its discretion in holding that the appellants failed to carry their burden under Rule 60(b).

## II.

Attorney Hill attacks the court's award of sanctions against him and his firm on the ground that the district court did not follow the procedures outlined in Rule 11.  The court did not characterize the award as a Rule 11 award, and the court had the power to make the award under the court's inherent power to regulate practice before it.  <u>See</u> <u>Chambers v. Nasco, Inc.</u>, 501 U.S. 32, 43 (1991).

Hill violated a protective order which required that all documents which contained or referred to the report should be filed under seal.  Hill filed the Rule 60(b) complaint, which referred to and described the report, without assuring that it was under seal.  Hill had already been sanctioned for violating the protective order in the course of the Ott litigation.  The court has inherent power to assess attorneys' fees as a sanction for willful disobedience of a court order.  <u>Id.</u> at 45.

Attorney Hill was also held responsible for the action of appellants' expert witness, who caused a third person to contact a defendant represented by counsel.  The expert witness falsely told the third person that the court had requested that he telephone the defendant and ask him certain questions.  After that third person talked with the defendant, the expert witness wrote the district judge in this case a letter describing the conversation.  The court found that Attorney Hill was informed of the

expert witness's intent to instigate the telephone call and took no steps to prevent this unethical conduct. This finding is not clearly erroneous. The ex parte contact would have constituted an ethical violation if committed by Hill himself, Minn. Rule Prof. Cond. 4.2, and a lawyer can become responsible for the conduct of a non-lawyer assistant if he knows of the assistant's conduct before it occurs and fails to take remedial action. Minn. Rule Prof. Cond. 5.3(c)(2). There was also evidence before the court that Attorney Hill contacted the third person within an hour of the conversation, seeking to depose the person and thus memorialize the fruits of the ex parte contact.

Not only was Attorney Hill implicated in the ex parte contact with a represented party, but the expert falsely represented that he was conducting this irregular activity pursuant to the court's instructions.

These practices were evidently committed in furtherance of the case pending before the court. The court has power to discipline attorneys who appear before it. Chambers, 501 U.S. at 43; Harlan v. Lewis, 982 F.2d 1255, 1259 (8th Cir.), cert. denied, 510 U.S. 828 (1993). We review the district court's award of sanctions pursuant to its inherent power for abuse of discretion. Chambers, 501 U.S. at 55. No such abuse appears on the record before us.

### III.

We have considered the appellants' other arguments and conclude that they are without merit.

We affirm the judgment and order of the district court.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.